United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATONYA R. BROOKS,<br>Plaintiff,<br>v.<br>PEOPLE OF THE STATE OF CALIFORNIA,<br>Defendant. | Case No. 26-cv-04801-LJC<br><br>**ORDER GRANTING IFP APPLICIATION: ORDER TO SHOW CAUSE**<br><br>Re: ECF Nos. 1, 2 |

Petitioner LaTonya R. Brooks, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application to proceed in forma pauperis. ECF Nos. 1 (Writ), 2 (IFP). For the reasons below, the Court **GRANTS** Petitioner's IFP application and **ORDERS** Petitioner **TO SHOW CAUSE** why her petition should not be dismissed.

## I. APPLICATION TO PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(1), a court may authorize commencement of an action without prepayment of fees where an applicant demonstrates that she is "unable to pay such fees or give security therefor." Here, Petitioner reports that she is unemployed, has no income, possesses approximately $5 in cash and bank deposits, and lives with family members who provide for her basic needs. ECF No. 2 at 1–3. Sufficient cause having been show, Petitioner's IFP application is **GRANTED**.

The Court now considers the sufficiency of Petitioner's Complaint under 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** why this case should not be dismissed under that statute. She must file a response or amended complaint no later than November 30, 2026.

## II. BACKGROUND

Petitioner challenges an ongoing criminal prosecution in Alameda County Superior Court, Case No. 23CR004449, concerning allegations that she forged a deed transferring real property belonging to a deceased individual. Writ at 10–11. She asserts that the prosecution is constitutionally defective because it rests on "a void factual premise," "a jurisdictional defect," "a failure of subject-matter jurisdiction," "an inconsistent-theory prosecution," and "multiple structural constitutional errors." *Id.* at 10. Petitioner seeks a writ of habeas corpus, a declaration that the state court lacks jurisdiction, dismissal of the prosecution, and release from all restraints. *Id.* at 15.

## III. DISCUSSION

### A. Habeas Corpus and Custody Requirement

Under 28 U.S.C. § 2241(c)(3), federal habeas relief is available only to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." The "heart of habeas corpus" concerns challenges to the "fact or duration" of confinement. *Simon v. City & County of San Francisco*, 135 F.4th 784, 796 (9th Cir. 2025) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973)). "A claim is 'within the core of habeas' when, if successful, it 'terminates custody, accelerates the future release from custody, [ ]or reduces the level of custody.'" *Munoz v. Smith*, 17 F.4th 1237, 1240 (9th Cir. 2021) (quoting *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc)). Although physical incarceration is not required—i.e., release on one's own recognizance does not necessarily defeat habeas jurisdiction— "its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate." *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973) (release conditions imposing restraints "not shared by the public generally" may satisfy the custody requirement); *Munoz*, 17 F.4th at 1239 (release conditions must "severely and immediately restrain the petitioner's physical liberty," to constitute "custody"); *Deck v. California*, No. 22-55923, 2023 WL 5696531, at *1–2 (9th Cir. Sept. 5, 2023) (restrictions including mandatory attendance of alcohol rehabilitation program and in-person sex offender registration did not "severely and immediately restrain

[petitioner's] physical liberty.").

Here, the petition does not clearly identify a discrete constitutional challenge to any particular release condition, as opposed to the validity of the prosecution itself. Petitioner represents that she is not incarcerated and appears to state that she is "[o]ut on O.R." *Id.* at 1. The Court presumes that "O.R." means "out on one's own recognizance." An attached state court order indicates that Petitioner was released on her own recognizance subject to restrictions, including limitations on her access to and dealings with the disputed property. Writ at 39 ("Stay 100 yards away from . . . 2439 89th Ave, Oakland CA," "Do not sell, incumber the property @ 2439 89th A[ve]," and "Do not act as the owner of the property"). However, Petitioner does not explain how these conditions presently and substantially restrict her physical liberty. While *Hensely* recognizes that release on one's own recognizance may satisfy the custody requirement, the Court cannot determine, based on the present record, whether Petitioner is subject to sufficiently severe and immediate restraints on her liberty to establish habeas jurisdiction. Petitioner must therefore show cause as to why the petition should not be dismissed for failure to establish the custody requirement of habeas jurisdiction.

Furthermore, insofar as Petitioner independently challenges the conditions of her pretrial release, such claims may be more appropriately brought pursuant to 42 U.S.C. § 1983. "[A] § 1983 claim is the 'proper remedy for a state prisoner who is making a constitutional challenge' to the "conditions of their pretrial release." *Simon*, 135 F.4th at 796. Although § 1983 provides a vehicle for challenging unconstitutional pretrial release conditions, Petitioner cannot avoid the restrictions on federal intervention in ongoing state criminal proceedings merely by invoking § 1983. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) (recognizing "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances"); *Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (§ 1983 does not alter "the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding"). Thus, insofar as Petitioner seeks dismissal of her ongoing prosecution, rather than relief from independently unconstitutional release conditions, § 1983 would not provide a basis for establishing habeas jurisdiction.

**B. *Younger* Abstention and Exhaustion**

Petitioner's principal request for relief—dismissal of her ongoing state criminal prosecution—appears barred by the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). As the Ninth Circuit explained, "abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can demonstrate that 'extraordinary circumstances' warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012); see also *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980) ("federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim."). Although exceptions exist for "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate," Petitioner has not alleged facts demonstrating that such an exception applies. *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (quotation omitted),

Here, the prosecution is allegedly ongoing, California has an important interest in enforcing its criminal laws, and the state courts provide an avenue for addressing Petitioner's constitutional objections. Granting her requested relief would directly interfere with that prosecution. Petitioner's allegations concerning disputed evidence, jurisdictional defects, and procedural violations are principally defenses that may be raised in state court. Without more, these allegations do not establish bad faith or extraordinary circumstances justifying federal intervention.

Moreover, a pretrial habeas petitioner ordinarily must exhaust available state remedies. *Carden*, 626 F.2d at 83. "[T]his exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials."). *Id.* Petitioner reports that the California Court of Appeal dismissed her appeal as premature and that the California Supreme Court denied review. Writ at 2–3, 11. Although Petitioner contends that further exhaustion would be futile, she has not demonstrated why her constitutional claims cannot be addressed through the pending criminal

United States District Court
Northern District of California

proceedings or subsequent state appellate review. Even assuming exhaustion, that alone would not warrant federal intervention. *Carden*, 626 F.2d at 83–84 ("The State conceded at the district court hearing that the Cardens had exhausted their state avenues" but declining federal intervention because "[t]he Cardens have not demonstrated the type of 'special circumstances' which warrant federal intervention.").

Accordingly, the petition appears subject to dismissal under *Younger* and the principles governing pretrial habeas relief.

## IV. IV. CONCLUSION

For the foregoing reasons, Petitioner's IFP application (ECF No. 2) is **GRANTED**. Petitioner is **ORDERED TO SHOW CAUSE** by November 30, 2026 why her petition should not be dismissed without prejudice. Specifically, Petitioner shall explain (1) whether her state criminal prosecution remains pending and what relief she seeks; (2) whether she independently challenges any particular condition of pretrial release; (3) what extraordinary circumstances, if any, warrant federal intervention notwithstanding *Younger*; and (4) whether she has exhausted available state remedies or why exhaustion should be excused.

Failure to timely respond, or failure to state a viable claim, may result in a recommendation that the petition be dismissed.

The Case Management Conference currently set for November 5, 2026 is **CONTINUED** to December 17, 2026 at 01:30 PM in San Francisco — Videoconference Only. An updated Case Management Conference Statement is due December 10, 2026.

**IT IS SO ORDERED.**

Dated: November 3, 2026

LISA J. CISNEROS
United States Magistrate Judge